**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                              |   |                           |
|------------------------------|---|---------------------------|
|                              | : |                           |
| JOSE GARCIA-COSME,           | : |                           |
|                              | : | Civil No. 06-5698 (RBK)   |
| Petitioner,                  | : |                           |
|                              | : |                           |
| v.                           | : |                           |
|                              | : | **OPINION**               |
| U.S. PAROLE COMMISSION,       | : |                           |
|                              | : |                           |
| Respondent.                  | : |                           |
|                              | : |                           |

**APPEARANCES:**

> JOSE GARCIA-COSME, Petitioner pro se
> #06883-069
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640-0902
>
> CHRISTOPHER J. CHRISTIE, ESQ.
> UNITED STATES ATTORNEY
> DOROTHY DONNELLY, ESQ., AUSA
> 402 East State Street, Room 502
> Trenton, New Jersey

**KUGLER, District Judge**

This matter is before the Court on the petition of Jose

Garcia-Cosme for habeas corpus relief under 28 U.S.C. § 2241.[1]

---

[1]  Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.  ...
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

The named Respondent, United States Parole Commission, filed its

answer to the petition on January 9, 2007, and Petitioner filed

objections on or about January 22, 2007.  For the reasons set

forth below, the Court will deny the petition for lack of merit.

I.   BACKGROUND

Petitioner is a federal inmate currently confined at FCI

Fort Dix.  In 1991, he was sentenced by the United States

District Court for the District of Puerto Rico to a term of 10

years in prison and an 8-year term of supervised release,

pursuant to his federal conviction on charges of possession with

intent to distribute cocaine.  (Respondent Exhibit 1, Judgment

and Commitment Order).  Petitioner states that his offense was

committed in June 1987, before the effective date of the

Sentencing Reform Act.  Respondent confirms that Petitioner was

not sentenced under the U.S. Sentencing Guidelines.

On September 17, 1996, Petitioner was mandatorily released

pursuant to 18 U.S.C. § 4163.[2]  (Resp. Ex. 2, Certificate of

Mandatory Release).  Under 18 U.S.C. § 4164,[3] Petitioner was to

---

[2]  The pertinent part of § 4163 reads:

Except as hereinafter provided a prisoner shall be released
at the expiration of his term of sentence less the time
deducted for good conduct.  A certificate of such deduction
shall be entered on the commitment by the warden or keeper.

[3]  Section 4164 reads:

A prisoner having served his term or terms less good-time
deductions shall, upon release, be deemed as if released on

be supervised under mandatory release, "as if on parole", under
the jurisdiction of the U.S. Parole Commission ("USPC"), until
the expiration of his full term date less 180 days, or until
March 30, 2000.  (Id.).

On November 14, 1997, the USPC issued a warrant for
Petitioner's arrest, charging him with violating the conditions
of his mandatory release supervision.[4]  (Resp. Ex. 3, Warrant
Application).  A revocation hearing was held and the USPC found
that Petitioner was guilty of the charge.  Petitioner's mandatory
release was revoked, but the time he had spent on mandatory
release was credited.  Petitioner was ordered to serve five
months.  (Resp. Ex. 4, Notice of Action, dated February 13,
1998).  On April 24, 1998, Petitioner was released under
supervision with a total of 886 days remaining on his term of
mandatory release, or until September 26, 2000.  (Resp. Ex. 5,
Certificate of Parole (Reparole)).  Petitioner was not entitled
to a reduction of 180 days from his full term because he was re-
released after his first term of mandatory release was revoked.
See Wright v. Blackwell, 402 F.2d 489 (5th Cir. 1968)(180-day

---

parole until the expiration of the maximum term or terms for
which he was sentenced less one hundred and eighty days.

This section shall not prevent delivery of a prisoner to the
authorities of any State otherwise entitled to his custody.

[4] Petitioner was charged with using cocaine on or about
September 3, 1997.

reduction does not benefit an individual who has mandatory

release revoked and is then re-release on parole); Moore v.

Moore, 1993 WL 388278 at *1 (E.D.Pa.  Sept. 24, 1993)("a

mandatory releasee whose supervision is revoked, loses the

benefit of the 180-day [reduction]")(citing Sprouse v. Settle,

274 F.2d 681, 683 (8th Cir. 1960)).

     On September 12, 2000, the USPC issued another warrant

against Petitioner on new charges of violating conditions of

supervision.  These charges included: (1) failure to submit

supervision reports in a timely manner; (2) failure to report to

Supervision Officer as directed; and (3) possession with intent

to distribute heroin, cocaine and cocaine base.  (Resp. Ex. 6,

Warrant Application).  This warrant was lodged against Petitioner

as a detainer because Petitioner was already in custody awaiting

trial and/or disposition of new federal criminal charges, namely,

possession with intent to distribute multi-kilograms of narcotic

controlled substance (heroin, cocaine and cocaine base).  (Resp.

Ex. 7, Memorandum on Warrant).

     On October 12, 2001, Petitioner was sentenced by the United

States District Court for the District of Puerto Rico to 151

months in prison for conspiracy to possess with intent to

distribute heroin.  The prison term is to be followed by a term

of five years supervised release.  (Resp. Ex. 8).  Thereafter, on

October 21, 2002, the USPC supplemented its detainer warrant

against Petitioner to note the information about the drug conviction.  (Resp. Ex. 9).

On April 6, 2004, the USPC issued a Notice of Action informing Petitioner of its decision to let the detainer warrant stand.  (Resp. Ex. 10).  This Notice of Action was in response to Petitioner's challenge of the detainer through administrative remedies he submitted in July 2003.  (Petition, "Administrative Remedies Exhausted" at 3).

## II.   CLAIMS PRESENTED

Petitioner argues that the USPC is without jurisdiction to issue a detainer warrant against him because the USPC was not authorized by federal law to release him on "special parole", pursuant to the Anti-Drug Abuse Act of 1986 ("ADAA"), Pub.L. 99-570, 100 Stat. 3207, 21 U.S.C. § 841 *et seq*.  He relies principally on the Supreme Court's decision in Gozlon-Peretz v. United States, 498 U.S. 395 (1991), in which the Court held that a term of supervised release, not special parole, is to be imposed for substantive drug offenses committed after October 27, 1986.

Respondent contends that the petition is without merit because Petitioner was released from custody on mandatory release under 18 U.S.C. § 4163.

III.   ANALYSIS

A.   Standard of Review

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   The Petition Lacks Merit

This Court agrees that the petition is without merit for the reasons set forth by Respondent.  Petitioner's release and supervision in 1996, with respect to his 1991 drug conviction, is governed by 18 U.S.C. § 4161 et seq.[5]  In 1996, the USPC released Petitioner from custody on mandatory release supervision pursuant to 18 U.S.C. § 4163.  The record clearly shows that Petitioner was released under § 4163.  The certificate of his release is entitled "Certificate of Mandatory Release" and plainly designates "mandatory release" according to 18 U.S.C. § 4163, not

---

[5]  This chapter was repealed by the Sentencing Reform Act, but its sections remain in effect for sentences imposed prior ro repeal.  See United States v. Fazzini, 414 F.3d 695, 698 (7th Cir. 2005), cert. denied, 547 U.S. 1034 (2006).

special parole.   In fact, the form used to certify Petitioner's

release from custody in 1996 has four designations: (1)

Certificate of Mandatory Release; (2) Certificate of Mandatory

Release to Special Parole; (3) Certificate of Special Parole; and

(4) Certificate of Court Designated Parole.   Only "mandatory

release" is marked on the form, and not special parole.   See

Resp. Ex. 2.

Thus, Petitioner erroneously claims that he was released to

special parole, the sole basis for his argument that the USPC had

no jurisdiction over him.   The Supreme Court's decision in

Gozlon-Peretz does not apply to Petitioner because he was

correctly released from custody to mandatory release supervision

under § 4163.

Moreover, the USPC has jurisdiction over Petitioner because

he was released from custody on mandatory release pursuant to §

4163.   Section 4164 mandates that the USPC must supervise

Petitioner "as if on parole" until the expiration of his

sentence, less 180 days for good conduct time.   See 18 U.S.C. §

4164; 18 U.S.C. § 4210(b)(1); DeCuir v. U.S. Parole Commission,

800 F.2d 1021, 1022-23 (10th Cir. 1986).

Further, courts have consistently held that a mandatory

releasee is identical in all respects to a parolee, and is

subject to the supervision of the USPC until the expiration of

the maximum term, less 180 days.   Godoy v. U.S. Board of Parole,

345 F. Supp. 1292, 1296 (C.D. Cal. 1972).  A mandatory releasee

also is subject to the same conditions of release as a parolee.

Donahue v. U.S. Parole Commission, 603 F. Supp. 1310, 1312 (S.D.

Fla. 1985).  The application of parole conditions under § 4164 to

mandatory releasees has been uniformly found to be

constitutional.  See e.g., Coronado v. U.S. Board of Parole, 540

F.2d 216, 218 (5th Cir. 1976); Desmond v. U.S. Board of Parole,

397 F.2d 386, 391-92 (1st Cir. 1968); Sargis v. U.S. Board of

Parole, 391 F. Supp. 362, 365-66 (E.D. Mo. 1975).

Consequently, this Court finds that the USPC had

jurisdiction to supervise Petitioner's release from custody based

on his mandatory release under §§ 4163 and 4164, and that the

issuance of the warrant/detainer in September 2000, before the

term of mandatory release had expired for Petitioner's violation

of the conditions of his mandatory release, is supported by

federal statute and case law as set forth above.  Petitioner's

contention that he was actually released to special parole, which

allegedly was not authorized because his offense date occurred

after October 1986, is completely baseless.  The petition is

denied accordingly.

IV.   CONCLUSION

For the reasons set forth above, the petition will be denied

for lack of merit.   An appropriate order follows.


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 5, 2007